1  **DIANE M. REGAN**
California State Bar No. 207027
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California  92101-5030
Telephone:  (619) 234-8467
4  Facsimile:  (619) 687-2666
Email: Diane_Regan@fd.org
5

6  Attorneys for Mr. Arellano-Vega

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10                        (**HONORABLE ROGER BENITEZ**)

11  UNITED STATES OF AMERICA,           )    CASE NO.  08CR0133-BEN
                                        )
12               Plaintiff,             )    DATE:  March 3, 2007
                                        )    TIME:   2:00 p.m.
13  v.                                  )
                                        )    STATEMENT OF FACTS AND
14  LUIS MARTIN ARELLANO-VEGA           )    MEMORANDUM OF POINTS AND
                                        )    AUTHORITIES IN SUPPORT OF
15               Defendant.             )    DEFENDANT'S MOTIONS.
    _____ )
16

17                                  **I.**

18                       **STATEMENT OF FACTS**[1]

19         On November 15, 2007, Luis Martin Arellano-Vega was arrested by the Border Patrol in

20  Calexico, California.  On  June November 19, 2007, a complaint was filed in Federal Court in El Centro,

21  California, charging Mr. Arellano-Vega with a violation of Title 8, United States Code Section 1326.  On

22  January 16, 2008, Mr. Arellano-Vega was charged by the grand jury in a two count indictment.

23  //

24  //

25  //

26  //

27

28  _____

                                                                                      08CR0133

1

**II.**

2

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

3          At this time Mr. Arellano-Vega has received only 79 pages of discovery and requests the

4   following additional discovery materials. His request is not limited to those items that the prosecutor knows

5   of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely

6   related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989); United

7   States v. Jernigan, No. 05-10086, at *6 (9th Cir. July 9, 2007) (en banc).

8          1. The Defendant's Statements. The government must disclose to the defendant copies of any

9   written or recorded statements made by the defendant; the substance of any statements made by the

10  defendant that the government intends to offer in evidence at trial; any response by the defendant to

11  interrogation; the substance of any oral statements that the government intends to introduce at trial and any

12  written summaries of the defendant's oral statements contained in the handwritten notes of the government

13  agent; any response to any Miranda warnings that may have been given to the defendant; and any other

14  statements by the defendant. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and

15  the 1991 amendments to Rule 16 make clear that the government must reveal *all* the defendant's statements,

16  whether oral or written, regardless of whether the government intends to make any use of those statements.

17         2. Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that

18  all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest

19  or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him.

20  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents

21  in which statements of the defendant or any other discoverable material is contained. The defendant includes

22  in this request any redacted portions of any report of the investigation and any subsequent reports that the

23  case agent or any other agent has written. This is all discoverable under FED. R. CRIM. P. 16(a)(1)(A) and

24  (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir.

25  1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements,

26  and prosecution reports pertaining to the defendant are available under FED. R. CRIM. P. 16(a)(1)(A) and (B),

27  FED. R. CRIM. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government

28  deems them discoverable.

1      3. Brady Material. The defendant requests all documents, statements, agents' reports, and

2  tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's

3  case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to

4  the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

5      4. Any Information That May Result in a Lower Sentence. Any information that may result

6  in a more favorable sentence must also be disclosed pursuant to Brady, 373 U.S. 83. The government must

7  disclose any cooperation or attempted cooperation by the defendant, as well as any information that could

8  affect any base offense level or specific offense characteristic under Chapter Two of the United States

9  Sentencing Commission Guidelines Manual ("Guidelines"). Also included in this request is any information

10  relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other

11  application of the Guidelines.

12      5. The Defendant's Prior Record. Evidence of a prior record is available under FED. R. CRIM.

13  P. 16(a)(1)(D). The defendant specifically requests a complete copy of any criminal record.

14      6. Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under FED.

15  R. CRIM. P. 16(a)(1)(D) and FED. R. EVID. 404(b) and 609. In addition, under FED. R. EVID. 404(b), "upon

16  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

17  general nature . . . ." of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at

18  trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which

19  a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689

20  F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke,

21  4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

22      The defendant requests that such notice be given *three weeks before trial* to give the defense

23  time to adequately investigate and prepare for trial.

24      7. Evidence Seized. Evidence seized at each crime scene and evidence seized as a result of

25  any search, either warrantless or with a warrant, is discoverable under FED. R. CRIM. P. 16(a)(1)(E).

26      8. Request for Preservation of Evidence. The defense specifically requests that all dispatch

27  tapes, surveillance film and/or pictures, lifted latent fingerprints or any other physical evidence that may be

28  destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to

3                                                                              08CR0133

1  the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not

2  limited to any vehicle involved in the case, the defendant's personal effects, and any evidence seized from

3  the defendant or any third party.  This request also includes any material or percipient witnesses who might

4  be deported or otherwise likely to become unavailable (e.g., undocumented aliens and transients).

5          It is requested that the prosecutor be ordered to *question* all the agencies and individuals

6  involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does

7  exist, to inform those parties to preserve any such evidence.

8          9.  Henthorn Material.  The defendant requests that the Assistant United States Attorney

9  ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent

10  involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 419, 437-38 (1995)

11  (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others

12  acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d

13  29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a member of the

14  public, by another agent, or any other person) against the agent, whether or not the investigating authority

15  has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not

16  any disciplinary action was ultimately recommended.  The defendant further requests production of any such

17  information at least one week prior to the motion hearing and two weeks prior to trial.  If the prosecutor is

18  uncertain whether certain information should be disclosed pursuant to this request, this information should

19  be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

20          10.  Tangible Objects.  The defendant requests the opportunity to inspect, copy, and test, as

21  necessary, all other documents and tangible objects, including photographs, film, books, papers, documents,

22  alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense

23  or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. FED.

24  R. CRIM. P. 16(a)(1)(E).  Specifically, the defendant requests color copies of all photographs in the

25  government's possession that relate to this case.

26          11.  Expert Witnesses. The defendant requests the name, qualifications, and a written summary

27  of the testimony of any person that the government intends to call as an expert witness during its case in

28  chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s),

                                                4                                    08CR0133

as well as the bases and the reasons for the opinion(s).  See United States v. Duvall, 272 F.3d 825 (7th Cir.

2001) (finding that government's written expert notice did not adequately summarize or describe police

detective's testimony in drug prosecution where notice provided only a list of the general subject matters

to be covered and failed to identify what opinion the expert would offer on those subjects).  This request

includes, but is not limited to, disclosure of the qualifications of any government witness who will testify

that he understands and/or speaks Spanish or any other foreign language that may have been used during the

course of an interview with the defendant or any other witness.

The defendant requests the notice of expert testimony be provided at a minimum of *three weeks*

*prior to trial* so that the defense can properly prepare to address and respond to this testimony, including

obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain

a hearing in advance of trial to determine the admissibility of qualifications of any expert.  See Kumho Tire

Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must

determine, reliability and relevancy of expert testimony and such determinations may require "special

briefing or other proceedings").

12.  Impeachment evidence.  The defendant requests any evidence that any prospective

government witness has engaged in any criminal act whether or not resulting in a conviction and whether

any witness has made a statement favorable to the defendant.  See FED. R. EVID. 608, 609 and 613.  Such

evidence is discoverable under Brady, 373 U.S. 83.  See United States v. Strifler, 851 F.2d 1197 (9th Cir.

1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts

from a witness' credibility).

13.  Evidence of Criminal Investigation of Any Government Witness.  The defendant requests

any evidence that any prospective witness is under investigation by federal, state or local authorities for any

criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14.  Evidence of Bias or Motive to Lie.  The defendant requests any evidence that any

prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or

distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15.  Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.  the

defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show

1  that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and

2  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

3  alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

4        16. Witness Addresses. The defendant requests the name and last known address of each

5  prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States

6  v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is

7  ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to

8  witnesses). The defendant also requests the name and last known address of every witness to the crime or

9  crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a

10  government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

11        17. Name of Witnesses Favorable to the Defendant. The defendant requests the name of any

12  witness who made any arguably favorable statement concerning the defendant or who could not identify him

13  or identified someone else or who was unsure of his identity or participation in the crime charged. Jackson

14  v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164,1168

15  (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

16        18. Statements Relevant to the Defense. The defendant requests disclosure of any statement

17  that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux,

18  685 F.2d 1105 (9th Cir. 1982). This includes grand jury transcripts that are relevant to the defense motion

19  to dismiss the indictment.

20        19. Jencks Act Material. The defendant requests production in advance of the motion hearing

21  or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks

22  Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. A verbal acknowledgment that "rough" notes constitute

23  an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement

24  under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States

25  v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an

26  agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802, 806-08

27  (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to

28  allow the defendant to investigate the Jencks material. The defendant requests pre-trial disclosure of such

1  statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use

2  properly any Jencks statements during cross-examination.

3          20.  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the

4  defendant requests all statements and/or promises, expressed or implied, made to any government witnesses,

5  in exchange for their testimony in this case, and all other information that could arguably be used for the

6  impeachment of any government witnesses.

7          21.  Agreements Between the Government and Witnesses.  The defendant requests discovery

8  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future

9  compensation, or any other kind of agreement or understanding, including any implicit understanding

10  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government

11  witness and the government (federal, state and/or local).  This request also includes any discussion with a

12  potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or

13  any possible plea bargain, even if no bargain was made or the advice not followed.

14          22.  Informants and Cooperating Witnesses.  The defendant requests disclosure of the names

15  and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,

16  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

17  charged against the defendant.  The government must disclose the informant's identity and location, as well

18  as disclose the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro

19  v. United States, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from

20  informants that exculpates or tends to exculpate the defendant.

21          23.  Reports of Scientific Tests or Examinations.  Pursuant to FED. R. CRIM. P. 16(a)(1)(F),

22  the defendant requests the reports of all tests and examinations conducted upon the evidence in this case,

23  including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within

24  the possession, custody, or control of the government, the existence of which is known, or by the exercise

25  of due diligence may become known, to the attorney for the government, and that are material to the

26  preparation of the defense or are intended for use by the government as evidence in chief at the trial.

27

28

1    24. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights

2 to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

3 Constitution and laws of the United States.

### III.
### LEAVE TO FILE FURTHER MOTIONS

6    At this time Mr. Arellano-Vega has received only 79 pages of discovery. As new information

7 surfaces – via discovery provided by government, defense investigation, or an order of this court – the

8 defense may need to file further motions, or to supplement existing motions. For this reason, defense

9 counsel requests leave to file further motions, including a motion to dismiss the Indictment because of

10 erroneous instructions given to the January, 2007 grand jury that returned the subject indictment against the

11 defendant.

### IV.

### CONCLUSION

14    For the reasons stated, Mr. Arellano-Vega requests that this Court grant his motions.

15                                           Respectfully Submitted,

16 Dated: February 11, 2008              */s/ Diane Regan*
                                          **DIANE REGAN**
17                                        Federal Defenders of San Diego, Inc.
                                          Attorneys for Mr. Arellano-Vega

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Luella Caldito**
Luella.Caldito@usdoj.gov

Dated: February 11, 2008

*/s/  Diane  M. Regan*
**DIANE M. REGAN**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
E-mail: Diane_Regan@fd.org

08CR0133