KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MARTIN ARELLANO-VEGA,<br><br>Defendant. | CRIM. CASE NO.   08CR0133-BEN<br><br>DATE:   March 3, 2008<br>TIME:   2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On January 16, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Luis Martin Arellano-Vega ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Sections 1326 (a) and (b). The Indictment

further alleged that Defendant had been removed from the United States subsequent to March 15, 1999.

## II

## STATEMENT OF FACTS

### A.   THE INSTANT OFFENSE

On November 15, 2007, United States Border Patrol Agent Pedro Murillo was performing his assigned duties approximately ½ mile west of the Calexico, California Port of Entry. At approximately 4:00 p.m., Agent Murillo observed an individual, later identified as defendant Luis Martin Arellano-Vega ("Defendant"), make an illegal entry into the United States by climbing over the international border fence. Agent Murillo then observed the individual run into the commercial truck lot.

Agent Murillo responded to the area and observed Defendant hiding underneath a truck. Thereafter, Agent Murillo conducted a field interview. Defendant admitted that he was a citizen and national of Mexico without any legal documentation to enter or remain in the United States.

Defendant was arrested and transported to the Campo Border Patrol Station for processing, where his fingerprints were entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 11:43 p.m., Defendant was advised of his Miranda rights and invoked his right to remain silent.

### B.   DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about July 31, 1997 and September 21, 2001. Defendant was removed from the United States to Mexico on June 3, 1998, July 31, 1997, December 17, 1998, August 7, 2001 and September 21, 2001.

### C.   Defendant's Criminal History

Defendant was convicted on April 10, 1992 for vehicle theft, in violation of California Vehicle Code, Section 10851. Defendant was sentenced to 2 years in prison.

On July 8, 1994, Defendant was conviction of grand theft, in violation of California Penal Code, Section 487.2. Defendant was sentenced to 16 months in prison for his grand theft offense.

1    On June 6, 1995, Defendant was convicted of burglary, in violation of California Penal Code,
2 Section 459. Defendant was sentenced to 2 years imprisonment.
3    On March 18, 1999, Defendant was convicted of second degree robbery, in violation of
4 California Penal Code, Section 211. For this conviction, Defendant was sentenced to 3 years in prison.

## III

## GOVERNMENT'S MOTIONS

**A.**   **MOTION FOR RECIPROCAL DISCOVERY**

    **1.**   **RULE 16(b)**

9    The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests
10 that Defendant permit the United States to inspect, copy, and photograph any and all books, papers,
11 documents, photographs, tangible objects, or make copies of portions thereof, which are within the
12 possession, custody or control of Defendant and which Defendant intends to introduce as evidence
13 in his case-in-chief at trial.

14    The United States further requests that it be permitted to inspect and copy or photograph
15 any results or reports of physical or mental examinations and of scientific tests or experiments
16 made in connection with this case, which are in the possession or control of Defendant, which
17 Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a
18 witness whom Defendant intends to call as a witness. Because the United States has complied with
19 Defendant's request for delivery of reports of examinations, the United States is entitled to the
20 items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United
21 States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and
22 (2) to ensure that the United States receives the discovery to which it is entitled.

    **2.**   **RULE 26.2**

24    Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior
25 statements of all witnesses, except a statement made by Defendant. This rule thus provides for the
26 reciprocal production of <u>Jencks</u> statements.

27    The time frame established by the rule requires the statement to be provided after the
28 witness has testified. To expedite trial proceedings, the United States hereby requests that

1  Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date
2  before trial to be set by the Court.  Such an order should include any form in which these
3  statements are memorialized, including but not limited to, tape recordings, handwritten or typed
4  notes and/or reports.

**B.     Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert.  See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated.  The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).   Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights.  See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

## IV
## **CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: February 19, 2008

          Respectfully Submitted,

          KAREN P. HEWITT
          United States Attorney

          /s/ Luella M. Caldito

          LUELLA M. CALDITO
          Assistant U.S. Attorney
          Luella.Caldito@usdoj.gov

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR0133-BEN |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| LUIS MARTIN ARELLANO-VEGA, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Diane Regan, Esq., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2008

/s/ Luella M. Caldito
LUELLA M. CALDITO