KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> LUIS MARTIN ARELLANO-VEGA, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CRIM. CASE NO.   08CR0133-BEN <br><br> DATE:      March 3, 2008 <br> TIME:       2:00 p.m. <br><br> GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO: <br><br> (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND <br> (2) GRANT LEAVE TO FILE FURTHER MOTIONS. |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response is based upon the files and records of this case.

**I**

**STATEMENT OF THE CASE**

On January 16, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Luis Martin Arellano-Vega ("Defendant") with Attempted Entry After

Deportation, in violation of Title 8, United States Code, Sections 1326 (a) and (b). The Indictment further alleged that Defendant had been removed from the United States subsequent to March 15, 1999.

## II

## STATEMENT OF FACTS

### A.    THE INSTANT OFFENSE

On November 15, 2007, United States Border Patrol Agent Pedro Murillo was performing his assigned duties approximately ½ mile west of the Calexico, California Port of Entry. At approximately 4:00 p.m., Agent Murillo observed an individual, later identified as defendant Luis Martin Arellano-Vega ("Defendant"), make an illegal entry into the United States by climbing over the international border fence. Agent Murillo then observed Defendant run into the commercial truck lot.

Agent Murillo responded to the area and observed Defendant hiding underneath a truck. Thereafter, Agent Murillo conducted a field interview. Defendant admitted that he was a citizen and national of Mexico without any legal documentation to enter or remain in the United States.

Defendant was arrested and transported to the Campo Border Patrol Station for processing, where his fingerprints were entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 11:43 p.m., Defendant was advised of his Miranda rights and invoked his right to remain silent.

### B.    DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about July 31, 1997 and September 21, 2001. Defendant was removed from the United States to Mexico on June 3, 1998, July 31, 1997, December 17, 1998, August 7, 2001 and September 21, 2001.

### C.    Defendant's Criminal History

Defendant was convicted on April 10, 1992 for vehicle theft, in violation of California Vehicle Code, Section 10851. Defendant was sentenced to 2 years in prison.

On July 8, 1994, Defendant was conviction of grand theft, in violation of California Penal Code, Section 487.2. Defendant was sentenced to 16 months in prison for his grand theft offense.

On June 6, 1995, Defendant was convicted of burglary, in violation of California Penal Code, Section 459. Defendant was sentenced to 2 years imprisonment.

On March 18, 1999, Defendant was convicted of second degree robbery, in violation of California Penal Code, Section 211. For this conviction, Defendant was sentenced to 3 years in prison.

## III

## ARGUMENT

**A.    MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

The United States has and will continue to fully comply with its discovery obligations. To date, the United States has produced 79 pages of discovery to Defendant's counsel and a DVD of Defendant's post-arrest interview. Additionally, on January 31, 2008, the United States invited defense to view Defendant's A-file. As of today, defense counsel has not contacted Government counsel to set up a mutual convenient date to view Defendant's A-file. Additionally, as of today, the United States has received no reciprocal discovery. Counsel believes that all discovery disputes can be resolved amicably and informally in this case. In view of the below-stated position of the United States concerning discovery, it is respectfully requested that no orders compelling specific discovery by the United States be made at this time. The Government has no objection to the preservation of evidence for a reasonable time period.

### 1.    Defendant's Statements

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant any written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

### 2.    Arrest Reports, Notes and Dispatch Tapes

The United States does not object to the request for arrest reports and has already produced to Defendant all arrest reports known to the United States at this time.

1  The United States has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the United States objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

The United States is unaware of a dispatch tape relating to this case at this time.

3.  Brady Material

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused,

1  or which pertains to the credibility of the United States' case. As stated in United States v. Gardner,
2  611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty
3  to disclose every bit of information that might affect the jury's decision; it need only disclose
4  information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775
5  (citation omitted).

6  The United States will turn over evidence within its possession which could be used to properly
7  impeach a witness who has been called to testify.

8  Although the United States will provide conviction records, if any, which could be used to
9  impeach a witness, the United States is under no obligation to turn over the criminal records of all
10 witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such
11 information, disclosure need only extend to witnesses the United States intends to call in its case-in-
12 chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d
13 1305, 1309 (9th Cir. 1979).

14 Finally, the United States will continue to comply with its obligations pursuant to United States
15 v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

16     4.    Any Information That May Result in a Lower Sentence Under the Guidelines

17 The United States has complied and will continue to comply with its discovery obligations
18 under Brady v. Maryland, 373 U.S. 83 (1963).

19     5.    Defendant's Prior Record

20 The United States has provided Defendant with a copy of Defendant's known prior criminal
21 record under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129, 130 (9th Cir.
22 1990). Should the United States determine that there are any additional documents pertaining to
23 Defendant's prior criminal record, those will be promptly provided to Defendant.

24     6.    Any Proposed 404(b) Evidence

25 The United States will disclose, in advance of trial, the general nature of any "other bad acts"
26 evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence
27 404(b).

28

1    7.    Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)© in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

8.    Request for Preservation of Evidence

As stated above, the United States will preserve all evidence to which the Defendants are entitled pursuant to the relevant discovery rules. The United States also has no opposition to a preservation order, should Defendant seek one from this Court.

9.    Henthorn Material

The United States will comply with its obligations under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

10.    Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

11. <u>Expert Witnesses</u>

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

12. <u>Impeachment Evidence</u>

The United States is unaware of any evidence that any prospective witness has engaged in any criminal act, but will comply with its obligations under <u>Brady</u>, <u>Henthorn</u>, and <u>Giglio</u>, as well as all other applicable rules of discovery. The Government is unaware of any statements favorable to Defendant, and repeats that all reports from the date of arrest have been produced.

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>

The United States objects to providing any evidence that a prospective witness is under criminal investigation, but will provide the conviction record, if any, which could be used to impeach all witnesses the United States intends to call in its case-in-chief.

In addition, the United States will comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002)(<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an <u>in</u> <u>camera</u> inspection and review.

14. <u>Evidence of Bias or Motive to Lie</u>

The United States is unaware of any evidence showing that any prospective Government witness is biased or prejudiced against Defendant or has a motive to falsify testimony. The United States will comply with its obligations under <u>Brady</u>, <u>Henthorn</u>, and <u>Giglio</u>.

15. <u>Evidence Affecting Perception, Recollection, Ability to Communicate or Veracity</u>

The United States is unaware of any evidence tending to show that any prospective witness's ability to perceive, recollect, tell the truth, or communicate is impaired.

7

16. <u>Witness Addresses</u>

The United States objects to this request as overbroad, unnecessary, and unsupported. Through discovery, Defendant has the names of the officers and agents involved in her arrest. In addition, the United States will provided Defendant with a list of witnesses it intends to call in its trial memorandum. The United States objects to the request for the name and address of witnesses who will not be called by the Government at trial as overbroad and irrelevant.

17. <u>Name of Witnesses Favorable to Defendant</u>

The United States is unaware of any witnesses favorable to Defendant.

18. <u>Statements Relevant to the Defense</u>

All known statements have been produced. The United States will continue to comply with its obligation to produce all evidence relevant to the defense.

19. <u>Jencks Act Material</u>

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

20. <u>Giglio Information</u>

The United States has complied and will continue to comply with its discovery obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

21. <u>Agreements Between the Government and Witnesses</u>

There are no such agreements between the Government and the witnesses.

22. <u>Informants and Cooperating Witnesses</u>

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where: (1) the informant is a material witness, and (2) the informant's testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an <u>in camera</u> inspection to determine whether disclosure of the informant's identity is required under <u>Roviaro</u>. <u>See United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States determines that there is a confidential informant or cooperating witness who is a material witness with evidence

helpful to the defense or essential to a fair determination in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an <u>in</u> <u>camera</u> inspection.

23.  <u>Reports of Scientific Tests or Examinations</u>

Defendant requests the results of any scientific or other tests or examinations in connection with this case. The United States will disclose to Defendant the name, qualifications, and a written summary of testimony of any expert the United States intends to use during its case-in-chief at trial pursuant to Fed. R. Evid. 702, 703, or 705.

24.  <u>Residual Request</u>

The United States has complied with Defendant's residual request for prompt compliance with Defendant's discovery requests and will continue to do so.

**C.  <u>Motion for Leave to File Further Motions</u>**

The Government opposes this request unless the motion is based upon newly discovered evidence not available to Defendant at the time of the motion hearing.

**IV**

**<u>CONCLUSION</u>**

For the foregoing reasons, the United States requests that Defendant's Motions be denied where opposed.

DATED: February 25, 2008

    Respectfully Submitted,

    KAREN P. HEWITT
    United States Attorney

    <u>/s/ Luella M. Caldito</u>

    LUELLA M. CALDITO
    Assistant U.S. Attorney
    Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0133-BEN |
| Plaintiff, | ) ) | |
| v. | ) ) | CERTIFICATE OF SERVICE |
| LUIS MARTIN ARELLANO-VEGA, | ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO (1) COMPEL DISCOVERY/PRESERVE EVIDENCE; AND (2) GRANT LEAVE TO FILE FURTHER MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Diane Regan, Esq., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 25, 2008

/s/ Luella M. Caldito
LUELLA M. CALDITO

10